# Exhibit B

| Summons | CIVIL DOCKET NO. 2284 CV 00762 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Donna Chambers Plaintiff(s) vs. Walgreen, Co. Defendant(s) | | Michael Joseph Donovan — Clerk of Courts Suffolk — County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO Walgreen, Co. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ___ . (Seal)

Clerk-Magistrate _Michael Joseph Donovan_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

**PROOF OF SERVICE OF PROCESS**

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____                    Signature: _____

N.B.  TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019



| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22-0762 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Donna Chambers | Defendant: | Walgreen Co. |
|---|---|---|---|
| ADDRESS: | 2 Appletree Lane | ADDRESS: | 200 Wilmot Road |
| | Walpole, MA 02081 | | Deerfield, IL 60015 |
| Plaintiff Attorney: | Brittany E. Blye, Esq. | Defendant Attorney: | Gregory Manousos, Esq. |
| ADDRESS: | Law Offices of Sean M. Murphy, PC | ADDRESS: | Morgan, Brown & Joy LLP |
| | 180 Belmont Street | | 200 State Street |
| | Brockton, MA 02301 | | Boston, MA 02109 |
| BBO: | 703235 | BBO: | 631455 |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO          Is there a class action under Mass. R. Civ. P. 23?    ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date         $386,488.31
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages         $1,166,828.00
F. Other documented items of damages (describe below)

TOTAL (A-F):         $1,553,316.31

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was wrongfully discriminated against in violation of M.G.L. c. 151B, Section 4 on the basis of race/color and age.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X    Date: April 4, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X    Date: April 4, 2022

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED
APR 06 2022
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed: 04-04-2022 10:04:01



SEAN M. MURPHY, ESQ.
SEAN@SMURPHY.LAW

BRITTANY E. BLYE, ESQ.
BRITTANY@SMURPHY.LAW

LAW OFFICES OF SEAN M MURPHY, P.C.

**VIA FIRST CLASS MAIL**

March 22, 2022

Suffolk County Superior Court
Office of the Civil Clerk
3 Pemberton Square
Boston, MA 02108

RE: *Donna Chambers v. Walgreens Co.*
*Civil Action Number: NEW*

To Whom it May Concern;

Enclosed please find the following:

1. Complaint;
2. Appearance- Blye;
3. Appearance- Murphy;
4. Check in the amount of $280.00 including filing fee, security fee, and surcharge plus fee for Summons;

Kindly file and docket in the usual manner. Thank you very much for your attention to this matter.

Very truly yours,

Brittany E. Blye, Esq.

w/Enclosures

180 BELMONT STREET
BROCKTON, MA 02301
WWW.SMURPHY.LAW

TOLL: (800) 603*4529
PHONE: (508) 663-3850
FAX: (508) 857-5214

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                              SUPERIOR COURT
                                                                         CIVIL ACTION NO.

DONNA CHAMBERS,
    Plaintiff,

v.

WALGREEN CO.,
    Defendant

## COMPLAINT

1. This is a Complaint under Massachusetts General Law Chapter 151B, Section 4 for discrimination on the basis of race/color and age against an employer that terminated the employment of Plaintiff Donna Chambers, an African American woman who was fifty (50) years old at the time of termination.

## JURISDICTION

2. The Plaintiff, Donna Chambers, filed a complaint for discrimination with the Massachusetts Commission Against Discrimination on May 14, 2019, more than ninety (90) days prior to the filing of this action.

3. The Court has jurisdiction pursuant to Massachusetts General Laws Chapter 151B, Section 9.

## VENUE

4. Venue in this Court is proper pursuant to Massachusetts General Laws Chapter 223, Section 8.

## PARTIES

5. The Plaintiff, Donna Chambers, ("Plaintiff" or "Ms. Chambers") is a natural person residing at 2 Appletree Lane, Walpole, Massachusetts.

6. The Defendant, Walgreen Co., ("Defendant" or "Walgreens") is a limited liability company with an exact name of Walgreens Specialty Pharmacy, LLC and principal office

located at 200 Wilmot Road, Deerfield, Illinois and a pharmacy located at 1065 Truman Highway, Hyde Park, Massachusetts.

## STATEMENT OF FACTS

7. On or about September 27, 2004, Ms. Chambers was hired by Walgreens as a Pharmacy Manager.

8. Ms. Chambers was employed by Walgreens in the capacity of Pharmacy Manager for approximately fifteen (15) years before her termination on May 10, 2019 and had been working at Walgreens' Hyde Park, Massachusetts, location since 2012.

9. At the time Ms. Chambers began in Hyde Park, she was the only African American employed as a Pharmacy Manager in any of Walgreens' locations in Greater Boston.

10. On or about December 27, 2017, the Hyde Park Walgreens undertook a "file buy." A "file buy" is a process in which a Walgreens location acquires another pharmacy's patients and files.

11. The "file buy" in December 2017 resulted in an incredible increase in volume at Ms. Chambers' location, with about Two Hundred (200) to Two Hundred Fifty (250) prescriptions to be filled daily.

12. Ms. Chambers was not informed of the "file buy" until about a week before it took place and was given no time to prepare for the added volume of prescriptions.

13. Ms. Chambers was not permitted to hire or schedule additional pharmacy technicians to assist despite making multiple requests to do so.

14. Due to the inadequate staffing, Ms. Chambers was forced to come into work without pay for three (3) days of a planned week-long vacation to accommodate the additional patients.

15. In March 2018, shortly after the "file buy", Ms. Chambers was placed on a Performance Improvement Plan ("PIP") by Store Manager Michael Kintz.

16. On or about March 26, 2018, Ms. Chambers was informed that she was placed on the PIP due to alleged poor performance in timely refilling prescriptions ("LTR"), a lack of compliance with Walgreens' Profit Advancement Roadmap for Prescriptions ("PAR Rx")- a program designed to identify and minimize losses from theft, processing errors, and waste- and an inadequate percentage of prescriptions ready for pickup at the time promised to the customer ("VBPT").

17. Ms. Chambers was placed on the PIP without verbal counseling or a written warning, in violation of Walgreens' own disciplinary policies.

18. Prior to being placed on the PIP, Ms. Chambers had consistently demonstrated above-average performance. Ms. Chambers' performance review before the PIP reflected a 4/5 rating which was subsequently changed by upper management to a 3.4 rating.

19. Prior to being placed on the PIP, Ms. Chambers received stellar customer reviews and received the Customer Care Award for her district in 2017.

20. At Ms. Chambers' 30-day PIP follow-up on or about May 4, 2018, the Store Manager Mike Kintz noted that Ms. Chambers and her team had made great progress in the areas of LTR and VBPT.

21. At Ms. Chambers' 60-day PIP follow-up on in early June 2018, Denise Brown[1] noted Ms. Chambers' progress and determined that Ms. Chambers had successfully completed the PIP.

---

[1] Ms. Brown replaced Mr. Kintz as Store Manager of the Hyde Park location on or about May 15, 2018.

22. Supervision notes from the PIP indicated that Ms. Chambers successfully addressed Walgreens' concerns relating to LTR and VBPR and was excelling in other areas from 2018 to 2019.

23. Ms. Chambers met with Ms. Brown and/or District Manager Holly Knight twelve (12) times for "supervision meetings" between June 29, 2018 and April 22, 2019. Notes from these meetings do not reflect any ongoing problems with Ms. Chambers' job performance nor do they reference concerns that the issues raised in Ms. Chambers' PIP had started to recur. In fact, the notes from this time describe numerous areas in which Ms. Chambers excelled.

24. The notes from Ms. Chambers' "supervision meetings" indicate that Ms. Brown and Ms. Knight praised Ms. Chambers' for the Hyde Park location's VBPT levels on multiple occasions between June 29, 2019 and October 4, 2018.

25. On or about April 18, 2019, an Audit of the Hyde Park Walgreens was undertaken by District Managers Holly Knight and Saumil Patel and Area Healthcare Supervisor Susan Deleo and a report reflecting the Audit was completed.

26. Ms. Chambers was on vacation at the time of the Audit, but was shown the report upon her return by Ms. Brown.

27. Ms. Chambers reviewed the report, which reflected a failing rating of the pharmacy, and pointed out multiple inaccuracies to Ms. Brown.

28. These inaccuracies included a citation that the pharmacy's licenses were not posted as required.

29. Ms. Chambers was certain the licenses were posted as the Hyde Park location had been subject to an inspection by the Board of Pharmacy a few months prior, which the location had passed.

30. Ms. Chambers refused to sign the Audit report in light of the inaccuracies despite growing pressure from Ms. Brown to sign off on the report.

31. Ms. Brown did not address Ms. Chambers' concerns surrounding the Audit report.

32. On or about May 10, 2019, less than one month after the Audit, Ms. Chambers was called into what Ms. Chambers thought was a regularly-scheduled meeting with Ms. Brown.

33. At the May 10, 2019 meeting, Ms. Brown terminated Ms. Chambers' employment, purportedly due to unsatisfactory performance and the failed Audit in April 2019.

34. By this time, Ms. Chambers had already corrected any of the legitimate issues reflected in the Audit.

35. In the course of the Massachusetts Commission Against Discrimination ("MCAD") investigation, Walgreens provided copies of reports generated from three audits that Ms. Knight conducted in August/September 2019 at different Walgreens locations.

36. While the Audit of the Hyde Park location reflected seventeen (17) violations, two of the other audit reports provided reflected that other Walgreens locations had twenty (20) and twenty-three (23) violations respectively. Walgreens did not provide MCAD with any evidence that the Pharmacy Managers at these locations were disciplined.

37. Walgreens failed to provide MCAD with the race/color and ages of the Pharmacy Managers whose locations Ms. Knight audited in 2019, despite MCAD requesting this information.

38. After Ms. Chambers' termination, she was replaced with a younger, White employee.

39. During MCAD's investigation Walgreens did not deny that in multiple instances between 2017 and 2019, Walgreens demoted other African American Pharmacy Managers in the Greater Boston Area.

40. It has been confirmed that in or about 2013 Walgreens replaced Ms. Dominque LaFortune, an African American employee in her late forties, with a White employee in their mid-twenties at the Brookline, Massachusetts location.

41. It has also been confirmed that on or about March 9, 2018, Walgreens replaced Ms. Maureen Folks, an African American employee age fifty (50), with an Asian employee age twenty-six (26) at the Tremont Street location in Boston.

42. Although Ms. LaFortune and Ms. Folks were each experienced in their field, they were both replaced with younger, less experienced Pharmacy Managers, neither of whom identified as African American.

43. MCAD's Investigative Disposition revealed "insufficient evidence that [Walgreens'] decisions to issue [Ms. Chambers] a PIP in March 2018 and to terminate her employment on May 10, 2019 complied with its own progressive discipline policies."

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE/COLOR IN VIOLATION OF M.G.L. C. 151B, SECTION 4

44. Plaintiff, Donna Chambers, repeats and realleges each and every fact set forth in Paragraphs 1-43 of this Complaint and incorporates them by reference herein.

45. Defendant, Walgreens, discriminated against Ms. Chambers in employment on the basis of her race/color in violation of M.G.L. c. 151B Section 4.

46. Ms. Chambers, along with other Pharmacy Managers identifying as African American or Black have been terminated or demoted and replaced with non-African American/Black employees.

47. As a result of Defendant's discrimination, Ms. Chambers suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the amount of her damages to be determined by this litigation, including costs, attorneys' fees, and any other damages that this Court deems meet and just.

## COUNT II
## DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF M.G.L. C. 151B, SECTION 4

48. Plaintiff, Donna Chambers, repeats and realleges each and every fact set forth in Paragraphs 1-47 of this Complaint and incorporates them by reference herein.

49. Defendant, Walgreens, discriminated against Ms. Chambers on the basis of her age in violation of M.G.L. c. 151B Section 4.

50. Ms. Chambers, age fifty (50) at the time of her termination, had been placed on a PIP in violation of Walgreens' own progressive disciplinary policies.

51. As a result of Defendant's discrimination and termination of Ms. Chambers' employment, Ms. Chambers, now fifty-three (53) continues to suffer damages and struggles to find employment suitable in light her aptitude and experience.

WHEREFORE, Plaintiff respectfully demands judgement against Defendant in the amount of her damages to be determined by this litigation, including costs, attorneys' fees, and any other damages that this Court deems meet and just.

## JURY DEMAND

Plaintiff, Donna Chambers, requests a jury trial on all issues so triable.

Respectfully Submitted,
Donna Chambers,
By her Attorneys,

_____
Brittany E. Blye, Esq. BBO# 703235
brittany@smurphy.law
Sean M. Murphy, Esq. BBO# 689798
sean@smurphy.law
180 Belmont Street
Brockton, MA 02301
(508) 663-3850

Dated: 3/22/22

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO.

DONNA CHAMBERS,
    Plaintiff

v.

WALGREEN, CO.
    Defendant

## NOTICE OF APPEARANCE

I, Brittany E. Blye, do hereby enter my appearance as counsel for the Plaintiff, Donna Chambers, in the above-entitled matter.

Respectfully Submitted,
Donna Chambers,
By Her Attorney,

Dated: 3/22/22

Brittany E. Blye, Esq.
BBO# 703235
180 Belmont Street
Brockton, MA 02301
(781) 436-0030
brittany@smurphy.law

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS            SUPERIOR COURT
           CIVIL ACTION NO.

DONNA CHAMBERS,
    Plaintiff

v.

WALGREEN, CO.
    Defendant

## NOTICE OF APPEARANCE

I, Brittany E. Blye, do hereby enter my appearance as counsel for the Plaintiff, Donna Chambers, in the above-entitled matter.

Respectfully Submitted,
Donna Chambers,
By Her Attorney,

Dated: 3/22/2022

Sean M. Murphy Esq.
BBO# 689798
180 Belmont Street
Brockton, MA 02301
(781) 436-0030
sean@smurphy.law